PER CURIAM.
Dennis McLin, a St. Louis police officer, brought this 42 U.S.C. § 1983 action against the Board of Police Commissioners, claiming the Board violated his free-speech rights under the First Amendment by suspending him for fifteen days without pay. The discipline was imposed as a result of some of McLin’s comments during a workshop on police brutality and racism. His comments, made publicly and reported in the press, included a statement that in St. Louis, many “Billy Bob, tobacco chewing white police officers” are recruited from “Boondocks, Missouri” and lack diversity and racial sensitivity. They also included a statement that “Often abusive officers were sissies in high school and grade school. But when they put on that uniform they are the man they never were before.”
The District Court[2] granted summary judgment in favor of the Board. The court applied the familiar framework established by Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), and Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). First, the court determined that McLin’s above-quoted comments went beyond any matter of public concern, because they amounted to personal attacks on fellow officers. Thus, in the court’s view they were not protected speech. In the alternative, the court assumed that the comments in question were protected speech and applied the Pickering balancing test, concluding that McLin’s interest in making *389 these comments did not outweigh the Board’s interest in promoting the harmonious and efficient operation of the police department by disciplining McLin for making the comments. McLin appeals.
For reversal, McLin attacks both aspects of the District Court’s ruling. Assuming for purposes of analysis that McLin’s comments were protected speech, we reject his argument that the court erred in its application of the Pickering balancing test. Having carefully reviewed this issue, we believe the District Court correctly held, after thorough examination of the various Pickering factors, that the Pickering test tips in favor of the Board. We are satisfied that no genuine issues of material fact exist to preclude summary judgment on this ground and that the Board is entitled to judgment as a matter of law. Accordingly, we affirm. See 8th Cir. R. 47B.

. The Honorable Donald J. Slohr, United States District Judge for the Eastern District of Missouri.